John H. HODGE, Sr., Appellants,

v.

Charlie Wayne SMITH, Jr., Appellee.

No. 01–92–00925–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 22, 1993.

Motion to Publish Opinion Granted
May 20, 1993.

John C. Osborne, Houston, for appellants.

John Zavisanos, Richard H. Kaplowitz, Houston, for appellee.

Before OLIVER–PARROT, COHEN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a judgment in favor of the defendant on the basis of a statute of limitations bar. We reverse and remand.

On November 13, 1989, John Hodge, Sr., appellant, filed suit against Charlie Wayne Smith, Jr., appellee, for personal injuries arising out of an automobile accident on November 13, 1987. The lawsuit was filed exactly two years after the accident.

Smith filed a general denial, and additionally asserted the affirmative defense of statute of limitations bar, as well as other affirmative defenses. Smith then moved for summary judgment, asserting as his sole ground that the two-year limitations provision of TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986) barred the suit. Smith alleged that although Hodge filed suit exactly two years after the date of the accident, Smith was not served with citation until 27 months after the statute of limitations had expired, indicating Hodge did not continuously exercise due diligence in procuring the issuance and service of citation. Hodge filed a sworn response to the motion for summary judgment.

On May 22, 1992, the trial court held an oral hearing on Smith's motion for summary judgment. Following the hearing, the trial court signed the following order:

*ORDER RESETTING HEARING ON SUMMARY JUDGMENT FOR EVIDENTIARY HEARING ON JUNE 2, 1992*

An oral hearing on the record was held today regarding the issue of limitations presented in Defendant's Motion For Summary Judgment. Plaintiff's counsel searched her file and found no copy of Request for Citation by Publication or of supporting affidavit for same. It is

ORDERED that the HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS RESET TO JUNE 2, 1992 at 8:00 a.m.; and an evidentiary hearing on the subject of limitations and Plaintiff's diligence in obtaining service will be held at that time. Plaintiff's counsel is instructed to come prepared to testify in detail as to exactly what Plaintiff or Plaintiff's counsel did to find Defendant and to effect service, and to explain the delay of 27 months past the statute of limitations deadline.

We will treat this order as a court-ordered deposition.[1] The trial court, in its discretion, may direct attorneys to appear before it for a deposition. *See Ry-*

*land Group, Inc. v. White,* 723 S.W.2d 160, 163 (Tex.App.—Houston [1st Dist.] 1986, no writ). Neither party objected to the hearing, and on June 17, 1992, the hearing was held. At the end of the proceeding, the trial court ordered Hodge to file a transcription of the proceeding as part of his summary judgment response. Additionally, the trial court announced from the bench that it would grant Smith's motion for summary judgment based on the statute of limitations bar. On August 13, 1992, the trial court signed a take-nothing summary judgment against Hodge.

In his sole point of error, Hodge argues that the trial court erred by granting the motion for summary judgment because genuine issues of material fact exist as to whether he used due diligence in acquiring service of process.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Havens v. Tomball Community Hospital,* 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Dodson v. Kung,* 717 S.W.2d 385, 390 (Tex.App.—

---

1. The titles of the pleadings and other court documents are not controlling. We are to look at the substance of the pleadings and proceedings to determine what actually occurred. *See* TEX.R.CIV.P. 71.

Houston [14th Dist.] 1986, no writ). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

■ If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law. *Montgomery*, 669 S.W.2d at 310–11.

■ To "bring suit" within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence in having the defendant served with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant*, 786 S.W.2d at 260; *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975).

■ To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Gant*, 786 S.W.2d at 260; *Zale*, 520 S.W.2d at 891. Generally, the exercise of due diligence is a question of fact. *Eichel v. Ullah*, 831 S.W.2d 42, 43 (Tex.App.—El Paso 1992, no writ). The issue can be determined as a matter of law, however, if no valid excuse exists for a plaintiff's failure to timely serve notice of process. *Id.* The two controlling factors that decide due diligence are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was actually served. *Id.* The duty to use due diligence continues from the date suit is filed until the date defendant is served. *Id.*

■ In deciding whether the record establishes, as a matter of law, that no valid excuse existed for Hodge's failure to timely serve Smith, we will review the transcription of the testimony of Hodge's counsel as a sworn deposition filed in a summary judgment proceeding. Additionally, we will consider his affidavit attached to Hodge's response to motion for summary judgment, which states:

> My name is John C. Osborne. I am the attorney of record for the Plaintiff, JOHN H. HODGE, SR., in the above-entitled and numbered cause. I am over the age of eighteen (18) and am competent to make this Affidavit. I have personal knowledge of the facts contained in the foregoing Response to Defendant's Motion for Summary Judgment, and state that they are true and correct.

> Due to an error in communication in my office, I did not realize that the Defendant had been served on March 15, 1990.[2] However, beyond the date of actual service, I continued to use due diligence in attempting to find the Defendant. My efforts, as outlined in this Response, included an unsuccessful attempt to depose Defendant's insurance agent, and requesting additional service on Defendant. Citation was issued on four (4) occasions before Defendant was finally served.

The record, viewed in the light most favorable to Hodge, shows that when Hodge filed suit on November 13, 1989, two years after the date of the accident, he requested that Smith be served at his last known address in Kingwood, Texas. Hodge received a document dated December 8, 1989, indicating that Smith was not served. From that point until late February of 1990, Hodge's counsel made two phone calls to locate Smith. Hodge contacted the

---

2. According to the written response to motion for summary judgment, another attorney in Osborne's office received a post card notice that service had been accomplished on March 15, 1990. This information was not conveyed to Osborne at the time.

constable, who informed him that Smith had moved to Blessing, Texas. The constable did not know Smith's new address, but he provided Hodge with the phone number of a flower shop in Kingwood, Smith's former employer. Personnel at the shop informed Hodge's counsel that Smith quit and moved without leaving a forwarding address.

According to Hodge's counsel, his contingency fee arrangement with Hodge required Hodge to pay expenses, and Hodge could not afford a private investigator at that time. He testified:

"We felt we were at the end of the rope. We didn't know where else we could go for this man. We knew that he was living in a trailer, that he had moved with no forwarding address, that he was working, he was twenty years old, he was working in a florist shop, that he had quit with no forwarding address. We knew of no way of finding this man...."

Accordingly, approximately four months after the suit had been filed, Hodge requested service by publication pursuant to Tex.R.Civ.P. 109.[3] However, Hodge's counsel did not comply with the requirements of rule 109, because he inadvertently failed to sign the supporting affidavit.[4] Nevertheless, the district clerk published the citation in the Daily Court Review on March 15, 1990, March 22, 1990, March 29, 1990, and April 5, 1990. Hodge's attorneys received a postcard from the district clerk's office, postmarked April 11, 1990, stating that Smith had been served on March 15, 1990. The post card stated:

Hodge, John H. Sr. vs. Smith, Charlie Wayne Jr. has been served by delivering to Smith, Charlie Wayne Jr by Deputy Constable Robert Pinson on 03/15/90. All processes returned to the clerk of the court of issue.

In approximately September 1990, Hodge's counsel reached the conclusion that, without personal service on Smith, Smith would likely not have actual notice of the lawsuit, and therefore would have no reason to notify his insurance company about the suit. Therefore, he concluded, the insurance company would have no duty to defend the suit or to cover the claim. Accordingly, Hodge's counsel decided against moving for a default judgment against Smith based on service by publication, and, instead, decided to try again for personal service. Hodge's counsel noticed the deposition of the insurance adjuster for Smith's insurance company. The adjuster failed to appear for the deposition in September 1990. Hodge did not request that the adjuster be sanctioned for failing to appear, nor did Hodge file a motion to compel.

Nothing more was done to locate Smith until the summer of 1991.[5] At that point, John Osborne had forgotten they had obtained service by publication on Smith. He received information indicating Smith was in Kingwood, Texas, so he sought personal service at a Kingwood address in September 1991. Service was not accomplished.

On November 19, 1991, Hodge received notice that the case would be dismissed unless he filed a motion to retain the case. After Hodge filed the motion, the trial court retained the case on the docket under

3. Rule 109 reads:
When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown ... or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of

the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

4. As a result of Hodge's failure to comply with Rule 109, he would not have been able to obtain a default judgment in reliance on the service by publication. *Wood v. Brown,* 819 S.W.2d 799, 800 (Tex.1991).

5. The attorney handling the file left Osborne's office in January 1991.

the provision that Smith be served by December 14, 1991. On December 13, 1991, the court extended the deadline for service another 60 days. Then, Hodge hired James Moore, a private investigator, to locate Smith. Investigator Moore located Smith by calling his father's convenience store in Blessing, where Smith was working. Smith was personally served on February 13, 1992.

During the hearing on the motion for summary judgment, Hodge summarized his position as follows:

> In summary, suit was filed timely. Service was requested contemporaneously with the [filing]. Due diligence was used between the return of the citation and the issuance of the service by publication. The actions from that point on are irrelevant due to the fact that we received notice of service by the district clerk. We could have done nothing further and relied upon service by publication. We didn't have to try to serve him personally. The fact that I had forgotten that we had now served him by publication, the fact that a long time elapsed doesn't matter. He was served four months approximately after the date of filing, by publication.
>
> ....
>
> [Our strategy was] we have service, we can take a default judgment on this man, but we choose not to at this point. Let's see if we can get him in *personally* and serve him because otherwise we're not going to get the insurance company involved and our client's going to walk out without a recovery.

Hodge's counsel testified he had assumed he had signed the necessary affidavit in support of his request for service by publication. The district clerk didn't bring the omission to his attention, nor did any one else at the time. The district clerk went forward with the service by publication, and Hodge's counsel relied on the post card notice that service had been accomplished.

With regard to his efforts to locate Smith prior to his request for service by publication, Hodge's counsel testified as follows:

> [By the Court]: What Deputy Dodge says on his return is: Moved to Blessing, Texas one month ago. No forwarding address. Post Office no help. 11/22/89, called Attorney Debbie; no help; returned to court per Debbie ... So what did you do to try to find him in Blessing, Texas.
>
> [By Mr. Osborne]: Well, what we did Your Honor, was attempt to locate him through the phone book. There is no phone number. We knew of no way of reaching him. We found out a number where he worked at a florist shop in Kingwood and we contacted and that— we got that from Deputy Dodge. We contacted the florist shop. They said the man had worked there, he had quit, he had moved. They had no idea where he was, no forwarding address.
>
> As far as Blessing, Texas went, we checked. There was no residence listing for him. There was no way of knowing where he was. We attempted to find him.

Viewing the summary judgment evidence in the light most favorable to Hodge, the non-movant, the record does not establish, as a matter of law, that Hodge failed to use diligence to effectuate service. From the evidence presented, it is possible a jury could reasonably conclude that the unintentional, inadvertent failure to sign the affidavit in support of the request for service by publication, and the failure to discover the mistake, were within the realm of what an ordinary, prudent person might do under the same circumstances. If Hodge reasonably believed he had effected service by publication, the delay in obtaining *personal* service may be found to be irrelevant by a fact finder. We hold Smith did not prove, as a matter of law, that no valid excuse existed for Hodge's failure to timely serve process. Accordingly, we sustain Hodge's sole point of error.

We reverse the summary judgment and remand the case for trial.