**FREEMAN FINANCIAL INVEST-MENT COMPANY d/b/a Free-man Toyota, Appellant,**

v.

**TOYOTA MOTOR CORPORATION and Toyota Motor Sales, U.S.A., Inc., Appellees.**

No. 05–02–01398–CV.

Court of Appeals of Texas, Dallas.

May 7, 2003.

Philip S. Gordon, Thomas H. Burton, Gordon Law Firm, Houston, for Appellant.

Kurt C. Kern, Brian K. Gary, Hartline, Dacus, Dreyer & Kern, L.L.P., Dallas, for Appellee.

Before Justices FRANCIS, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion By Justice BARBARA ROSENBERG (Assigned).

This is a statutory indemnity case. Freeman Financial Investment Company d/b/a Freeman Toyota (Freeman) challenges the summary judgment granted in favor of Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. on Freeman's claims for indemnity pursuant to chapter 82 of the Texas Civil Practice and Remedies Code and article 4413(36), section 5.02(b)(11) of the Texas Motor Vehicle Commission Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 82.002(a) (Vernon 1997); TEX.REV.CIV. STATS. ANN. art. 4413(36), § 5.02(b)(11) (Vernon Supp.2003). Be-

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

cause the trial court erred in granting summary judgment in the Toyota defendants' favor, we reverse the trial court's judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Shafiq H. Makhani filed suit against Freeman and the Toyota defendants for an alleged defective and dangerous condition of his 1994 Toyota 4–Runner's axle. Makhani alleged theories of strict liability, breach of implied warranty of merchantability, negligence, and res ipsa loquitur. Among other allegations, Makhani alleged that Freeman was a dealership that sold the 1994 Toyota 4–Runner that was the subject of the allegations. In its answer, Freeman responded that it was not the seller of the automobile. Makhani filed an amended pleading that continued to allege that Freeman was in the business of selling Toyota motor vehicles "including the 1994 Toyota 4–Runner involved in this case." He alleged that Freeman operated the dealership that sold him the vehicle. He then continued to include Freeman in the strict liability allegations. During the pendency of the suit, Freeman filed a cross-action against the Toyota defendants seeking indemnification pursuant to chapter 82 of the Texas Civil Practice and Remedies Code. Both Freeman and the Toyota defendants moved for summary judgment on Makhani's causes of action. The trial court granted the motions and severed the indemnity claim.

The Toyota defendants filed a motion for summary judgment alleging that Freeman was not entitled to indemnity because Freeman was not the seller of the 1994 Toyota 4–Runner; negligence claims against Freeman were part of the suit; and the attorney's fees claimed were excessive as a matter of law. Freeman filed an amended petition alleging an additional claim of indemnity pursuant to article 4413(36), section 5.02(b)(11) of the Texas Motor Vehicle Commission Code. The trial court granted summary judgment against Freeman, denying it indemnity. Freeman appeals.

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In Freeman's first issue, it complains that the trial court erred in granting the Toyota defendants' motion for summary judgment based on unauthenticated documents and conclusory statements of counsel. The Toyota defendants respond that Freeman did not object to the summary judgment evidence in the trial court, thus failing to preserve any error. Freeman's objection in the trial court was to "all of the factual assertions, opinions, conclusions of fact and law, and opinions concerning intent of others contained within the body of the Motion."

██ First, the conclusory statements complained of are in the motion for summary judgment or other pleading in the trial court and in the argument of counsel at the summary judgment hearing. Neither of these complaints concerns summary judgment evidence. *See* Tex.R. Civ. P.166a(c) (prohibiting oral evidence in summary judgment determination); *Laidlaw Waste Sys.,(Dallas) Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995) (noting pleadings are not competent summary judgment evidence); *Madeksho v. Abraham, Watkins, Nichols & Friend,* 57 S.W.3d 448, 455 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (noting conclusions in motion for summary judgment or response are not summary judgment evidence). Thus, these objections in the trial court and on appeal are not to summary judgment evidence. Further, we will not

consider the pleadings or argument as evidence in our review.

■ Next, Freeman objects to title documents and an affidavit authenticating them that were attached as evidence to the Toyota defendants' motion for summary judgment. Freeman complains on appeal that the title documents are hearsay and that the affidavit does not show the basis for the affiant's personal knowledge of their content. These objections were not made at trial. To consider a complaint to summary judgment evidence that was not presented and reviewed in the trial court, the objection must be one of substance, not form. Tex.R. Civ. P. 166a(f); *Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 226 (Tex. App.-El Paso 2002, no pet.). Objections that a document contains hearsay and that an affidavit does not show the affiant's personal knowledge are defects of form. *St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 721 (Tex.App.-Dallas 1999, pet. denied) (hearsay objection); *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 782 (Tex.App.-Dallas 1994, no writ) (objection to failure to show affiant's personal knowledge). Further, an objection that documents are unauthenticated is an objection to the form of the evidence. *See Giese*, 881 S.W.2d at 782. Absent objections in the trial court, Freeman's objections on appeal to these defects in the form of evidence are waived. *See id.*

Accordingly, we resolve Freeman's first issue against it.

## THE SUMMARY JUDGMENT

In its remaining four issues, Freeman claims that the trial court erred in granting the Toyota defendants' motion for summary judgment because the trial court misconstrued the requirements of chapter 82 of the Texas Civil Practice and Remedies Code, granted the motion when the Toyota defendants had not addressed Freeman's claim under the Texas Motor Vehicle Commission Code, and could not find reasonableness of Freeman's attorney's fees as a matter of law.

## Standard of Review

The standards for review of a traditional summary judgment under rule 166a(c) are well established: the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. Tex.R. Civ. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). To prevail, a defendant must disprove at least one essential element of each of the plaintiff's theories of recovery or conclusively establish each element of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996) (per curiam). We review a summary judgment *de novo* to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.-Dallas 2000, pet. denied); *West End Pink, Ltd. v. City of Irving*, 22 S.W.3d 5, 7 (Tex.App.-Dallas 1999, pet. denied).

## The Chapter 82 Claim

■ In its second, third, and fourth issues, Freeman argues that the Toyota defendants did not prove as a matter of law that Freeman was not a seller entitled to indemnity under chapter 82 of the Texas Civil Practice and Remedies Code. The Toyota defendants respond that they proved as a matter of law that Freeman

was not a seller because Freeman did not sell the 1994 Toyota 4–Runner; the plaintiff in the products liability case did not bring a products liability action against Freeman; and the plaintiff brought a negligence action against Freeman for Freeman's own acts of repair.

■ Sellers of automobiles are provided indemnity from manufacturers as follows:

A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

TEX. CIV. PRAC. & REM.CODE ANN. § 82.002(a). This provision requires a manufacturer of an injuring product to indemnify a retailer that was forced to defend itself in products liability litigation, even though the seller, who sold products of the same type involved in the suit, did not sell the particular product that is alleged to have harmed the plaintiff. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999). A products liability action includes products liability claims as well as other theories of liability properly joined, such as negligence. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 91 (Tex.2001). A direct claim of negligence of the seller does not relieve the manufacturer of its indemnification duty under the statute. *Id.* at 90. The manufacturer's duty to indemnify is invoked by the plaintiff's pleadings and joinder of the seller as defendant. *Id.* at 91. The exception to the indemnification duty is established by a finding that the seller's independent conduct caused the loss. *Id.*

The Toyota defendants claimed that Freeman was not sued for a products lia-

bility claim because the plaintiff's second amended original petition eliminated that claim and Freeman was not the seller. First, the petition continued to describe Freeman as the seller of the 1994 Toyota 4–Runner and included Freeman in the strict liability count. Thus, the petition invoked the Toyota defendants' duty to indemnify, and the inclusion of other negligence claims does not establish the exception to the indemnity provision. *See id.* Nevertheless, the Toyota defendants argue that because the evidence establishes Freeman did not actually sell the 1994 Toyota 4–Runner, section 82.002(a) does not apply. Whether or not Freeman actually sold the 1994 Toyota 4–Runner is not determinative of the duty to indemnify under this provision. *See Fitzgerald*, 996 S.W.2d at 865. Accordingly, neither the pleadings nor the proof that Freeman did not sell the 1994 Toyota 4–Runner relieved the Toyota defendants of their duty to indemnify under this statute.

Therefore, the trial court erred in granting summary judgment on the indemnity issue under section 82.002(a). We resolve in Freeman's favor its second and third issues, as well as the fourth issue to the extent it complains of the summary judgment under the Texas Civil Practice and Remedies Code.

### The Texas Motor Vehicle Commission Code Claim

■ In issue four, Freeman complains that the trial court erred in granting the summary judgment because the Toyota defendants did not address Freeman's claims for indemnity under article 4413(36), section 5.02(b)(11) of the Texas Motor Vehicle Commission Code. Freeman had amended its pleading when it filed its response to the motion for summary judgment, but the Toyota defendants did not amend their motion for summary judg-

ment. The Toyota defendants argue that the Texas Motor Vehicle Commission Code applies only to the sale of new vehicles and that they proved that Freeman was not involved in the sale of the 1994 Toyota 4–Runner. *See Casa Ford Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 871 (Tex.App.-Texarkana 1997, pet. denied) (precluding indemnity for sale of used vehicle under this provision). However, the Toyota defendants did not move for summary judgment on grounds that the sale was of a used vehicle. Thus, the trial court could not have granted summary judgment on the ground that indemnity under this provision was precluded because the sale was of a used vehicle.

■ The Toyota defendants' only allegation and evidence was that Freeman was not the seller of the vehicle. They argue that, if Freeman was not a seller, the indemnity provision of the Texas Motor Vehicle Commission Code does not apply. Article 4413(36), section 5.02(b)(11) provides that "the manufacturer or distributor shall reimburse the dealer for all loss incurred by the dealer, including legal fees, court costs, and damages, as a result of the dealer having been named a party in a product liability action." TEX.REV.CIV. STATS. ANN. art. 4413(36), § 5.02(b)(11). Under this code, a "dealer" is a "franchised dealer," which means:

> any person who holds a franchised motor vehicle dealer's license issued by the [Texas Department of Transportation] pursuant to the terms of Chapter 503, Transportation Code, and who is engaged in the business of buying, selling, or exchanging new motor vehicles and servicing or repairing motor vehicles pursuant to the terms of a franchise and a manufacturer's warranty at an established and permanent place of business pursuant to a franchise in effect with a manufacturer or distributor.

*Id.* art. 4413(36), §§ 1.03(15), 5.02(a) (Vernon Supp.2003). The Texas Motor Vehicle Commission Code requires the party seeking the indemnity to be a dealer named as a party. We have already concluded that the pleading named Freeman as a party in a products liability action. The Toyota defendants' evidence that Freeman was not a seller of the 1994 Toyota 4–Runner did not disprove as a matter of law that Freeman was not a dealer or any other element of the Texas Motor Vehicle Commission Code's indemnity provision.

We resolve Freeman's fourth issue in its favor to the extent it complains of the summary judgment on its claim of indemnity under the Texas Motor Vehicle Commission Code.

### Attorney's Fees

■ In its fifth issue, Freeman claims the court erred in granting summary judgment as to the reasonableness of its attorney's fees. In their motion for summary judgment, the Toyota defendants claimed that Freeman's attorney's fees were unreasonable as a matter of law because Freeman was not the seller and, thus, was not required to defend the products liability case. The evidence the Toyota defendants offered was that Freeman was not the seller of the vehicle. Relying on that fact, the Toyota defendants asserted that Freeman did not need much of a defense. In response, Freeman presented evidence that the Toyota defendants offered to defend Freeman but would require Freeman to pay proportionate damages for independent negligence and to pay its attorney's fees incurred to the date of signing the agreement letter. Freeman did not enter into the agreement that offered less protection from liability than chapter 82. Under the statute, the manufacturer is required to indemnify a seller against loss, which includes "court costs and other reasonable expenses, reasonable attorney['s]

fees, and any reasonable damages." Tex. Civ. Prac. & Rem.Code Ann. § 82.002(b) (Vernon 1997). Freeman argues that because of the refusal of full indemnity, it was required to defend fully against the lawsuit.

We have already concluded that Freeman was a defendant in a products liability action. Freeman was required to defend both the strict liability and negligence claims. Freeman's indemnity claim includes attorney's fees and costs for the entire litigation. *See Meritor,* 44 S.W.3d at 90–91. Thus, simply proving that Freeman was not the seller of the 1994 Toyota 4–Runner was not sufficient as a matter of law to prove the attorney's fees were unreasonable. Therefore, the trial court erred in granting summary judgment denying Freeman attorney's fees. We resolve Freeman's fifth issue in its favor.

## CONCLUSION

Having resolved Freeman's second through fifth issues in its favor, we reverse the trial court's judgment granting summary judgment in the Toyota defendants' favor and remand this case for further proceedings.