**REVERSE and REMAND and Opinion Filed April 29, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-01113-CV

## PATRICIA A. SEAY-KING, Appellant
## V.
## KENDRICK ALFORD, Appellee

**On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-08368**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

Patricia Seay-King appeals a summary judgment order dismissing her negligence claim against Kendrick Alford. In two issues, Seay-King urges the trial court erred in granting summary judgment and in finding that she was not diligent in serving the citation and petition on Alford. For the reasons stated herein, we reverse the trial court's summary judgment order and remand this case for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2016, Seay-King, while traveling on her motorized wheelchair, was crossing La Prada Drive at the intersection of John West Road when she was struck by a vehicle. Seay-King was thrown from her wheelchair. Thereafter, passers by assisted her back onto her wheelchair and moved her to the sidewalk. A police car and ambulance responded to the accident. Seay-King advised the ambulance attendant that she did not need to go to the hospital but would see her doctor later that day. A police officer investigating the accident handed a piece of paper to Seay-King containing the make and model and license plate number of the vehicle involved in the collision and the name of an insurance company and a policy number. The information provided to Seay-King revealed the vehicle was co-owned by Alford and his ex-girlfriend.

On June 27, 2018, Seay-King filed suit against Alford asserting she suffered injuries as a result of the collision and urging Alford's negligence caused the collision. While a payment was made to the district clerk upon the filing of the petition, it was not sufficient to cover the $8 fee for issuance of the citation. Payment of that fee was subsequently made on August 23, 2018, and the citation, petition and discovery were delivered to a private process server the following day.

Prior to attempting service, the process server investigated to determine the address for Alford. In doing so, he concluded, based upon the latest update to Alford's Texas Identification Card, that the best address at which to attempt service

was an apartment located on John West Road, Dallas, Texas. The process server attempted service at that address on August 25 at 7:25 p.m. but no one appeared to be home. He left his business card attached to the door. The process server attempted service again at the John West Road address on September 3 at 11:40 a.m. Again, no one appeared to be home. On this occasion, the process server spoke to the apartment manger who stated someone with the surnamed Alford leased an apartment, but Kendrick Alford was not the named lessee.

On September 25, the process server performed searches to locate the vehicle that was involved in the accident. He discovered the vehicle was registered to Kendrick Alford and his ex-girlfriend with an address on Monica Dr., Garland, Texas. On that same day, the process server attempted service at the Monica Drive address. The house appeared to have been abandoned with trash piled up in front of the house. On September 26, the process server performed additional research and discovered that the vehicle involved in the accident had been seen at the Sedona Ridge Apartments in Dallas, Texas. On that same day, the process service went to the Sedona Ridge Apartments and confirmed with the apartment manager that Alford's ex-girlfriend resided in one of the apartments. The process server then located and spoke to her. She confirmed she co-owned the vehicle involved in the accident with Alford and knew about the accident. She indicated she understood that Alford had moved to Abilene a year prior, and she confirmed that Alford's mother resided at the John West Road address. On October 8 at 7:02 p.m., the

process server attempted service at the John West Road address. Alford's mother answered the door. She would not confirm that Alford lived with her but did confirm that he receives his mail at her apartment and that she would accept the papers the process server sought to serve. The process server left his business card with Alford's mother and asked her to have Alford call him, but he never did.

Beginning on October 9, Seay-King sought substituted service on Alford.[1] On November 16, the trial court signed an Order allowing substituted service. Pursuant to that Order, Alford was served on November 24 by delivery of the citation to his mother and on November 28 by certified mail, return receipt requested, and first-class mail.

Alford filed his original answer on February 22, 2019, and thereafter amended his answer to assert various affirmative defenses including statute of limitations.[2] On November 1, 2019, Alford filed a motion for summary judgment asserting Seay-King has no evidence he was driving the vehicle that collided with her, that he negligently operated a vehicle, or that his actions were the proximate cause of her injuries and that, while Seay-King filed her lawsuit prior to the expiration of the applicable statute of limitations, she did not use due diligence in effecting service on him and, thus, her claims are time barred.

---

[1] Seay-King moved for substituted service on October 10, 2018. Subsequently, on October 19 and November 14, Seay-King filed amended motions having been notified by the court of deficiencies in the prior filings.

[2] At some point Alford filed a counterclaim for attorney's fees. After the trial court granted summary judgment in his favor, he nonsuited the counterclaim.

Seay-King filed her response on December 5, which was supported by her affidavit, the affidavit of her process server, documents confirming the ownership of the vehicle involved in the accident, and various documents that were on file with the court in connection with the issuance of the citation and service upon Alford. On December 10, Alford filed a reply to Seay-King's response, objecting to various evidence submitted as unauthenticated, conclusory and hearsay.[3] The trial court heard the motion on December 12, but did not make a ruling at that time. On December 19, Seay-King filed a supplemental response to the motion for summary judgment, supported by a supplemental affidavit addressing Alford's assertion she could not establish he was the driver of the vehicle that struck her. On February 7, 2020, Alford filed a reply to Seay-King's supplemental response objecting to statements in her affidavit as conclusory and to the attachments as unauthenticated. The trial court held a second hearing on Alford's motion on April 2, 2020. The trial court signed an order granting the motion on November 20, 2020, without specifying the grounds therefore. At that time, the order was not final because it did not dispose of Alford's counterclaim for attorney's fees. On February 3, 2021, Alford nonsuited his counterclaim. On February 8, the trial court signed an order dismissing Alford's

---

[3] There is no indication in the record before us that Alford obtained a ruling on any of the objections he asserted to the evidence presented by Seay-King. Thus, to the extent Alford's objections were to the form of the evidence presented, he waived the objections, and we may therefore consider such evidence in determining whether a fact issue has been raised. *See* TEX. R. APP. P. 33.1(a)(2); *Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.); *Bastida v. Aznaran*, 444 S.W.3d 98, 104–05 (Tex. App.—Dallas 2014, no pet.) (holding objection an affidavit contains hearsay is a defect of form); *Freeman Fin. Inv. Co. v. Toyota Motor Corp.*, 109 S.W.3d 29, 33 (Tex. App.—Dallas 2003, pet. denied) (objection documents are unauthenticated is to form of evidence).

counterclaim and ordering that its November 20, 2020 order granting summary judgment in favor of Alford was now a final appealable order. This appeal followed.

DISCUSSION

## I.    Standard of Review

We review the trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In doing so, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Nixon*, 690 S.W.2d at 548–49.

Our review is limited to consideration of the evidence presented to the trial court. *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.). When, as here, a summary judgment does not state or specify the grounds upon which it relies, we may affirm the judgment if any of the grounds presented in the summary judgment motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## II.    No Evidence Motion for Summary Judgment

In her first issue, Seay-King urges summary judgment on no-evidence grounds was improper because she raised an issue of material fact concerning the challenged elements of her negligence claim.

–6–

## A. Applicable Law

A party seeking a no-evidence motion for summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof. *See* TEX. R. CIV. P. 166a(i). Once the nonmovant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *See id.*; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Our inquiry focuses on whether the nonmovant produced more than a scintilla of evidence to raise a fact issue on the challenged elements. *Id.* at 751. Less than a scintilla of evidence exists when the evidence is so weak as to do no more that create mere surmise or suspicion of a fact. *Id.*

## B. Application of Law to Facts

In his no-evidence motion for summary judgment, Alford asserted Seay-King had no evidence Alford was driving the vehicle involved at the time of the accident, that he negligently operated the vehicle, or that his actions proximately caused Seay-King's injuries. In responding to Seay-King's first issue, Alford asserts she failed to raise a genuine issue of material fact with respect to the identity of the driver of the vehicle that struck her.

As an initial matter, Alford argues Seay-King's supplemental affidavit, identifying him as the driver of the vehicle that struck her, was untimely filed and, thus, cannot be considered in determining whether Seay-King met her burden of raising a genuine issue of material fact. We disagree. Seay-King filed her first supplemental response to Alford's motion for summary judgment on December 19, 2019, shortly after the initial hearing on Alford's motion. Attached to that supplement is Seay-King's supplemental affidavit specifically addressing the issue of Alford's identity as the driver of the vehicle that struck her. The trial court held a second hearing on the motion on April 2, 2020. Texas Rule of Civil Procedure 166a(c) allows the adverse party to file and serve opposing affidavits or other written response not later than seven days before the hearing. TEX. R. CIV. P. 166a(c). Seay-King's supplemental response and affidavit were filed more than three months before the second hearing and were timely. Further, the transcript from the hearing on April 2, 2020, establishes that, at the request of Seay-King's counsel, the first hearing was extended to give Seay-King an opportunity to provide more evidence that Alford was, in fact, the driver. Accordingly, to the extent the supplemental affidavit could, in any event, be considered untimely, it is apparent from the record that the trial court granted leave to file same.

Next, Alford asserts Seay-King's supplemental affidavit is not proper summary judgment evidence because it is not based upon personal knowledge and contains hearsay statements. In addition, Alford argues the exhibits attached to

–8–

Seay-King's affidavit, in particular the handwritten note from the police officer identifying the vehicle involved in the collision and a photograph of Alford obtained from a Dallas County website, are improper because they are hearsay and are unauthenticated. Failure to show that the affiant has personal knowledge, and that documents contain hearsay or are unauthenticated are defects in form and must be preserved in the trial court. *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1999) (per curiam) (failure to show affiant had personal knowledge is defect in form); *Bastida v. Aznaran*, 444 S.W.3d 98, 104–05 (Tex. App.—Dallas 2014, no pet.) (hearsay objection is to form of evidence); *Freeman Fin. Inv. Co. v. Toyota Motor Corp.*, 109 S.W.3d 29, 33 (Tex. App.—Dallas 2003, pet. denied) (objection documents are unauthenticated is objection to form). To the extent Alford made these objections in the trial court, he did not obtain a ruling on same, and we will not imply a ruling on same. *See Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.). Accordingly, Alford waived these objections and the complained-of evidence is part of the summary judgment record that we will consider in determining whether Seay-King raised a genuine issue of material fact as to Alford's identity as the driver of the vehicle that injured her.

Through her affidavits and the exhibits attached thereto, Seay-King presented evidence that she proceeded to cross La Prada Drive on a green light and was then struck by a vehicle operated by Alford causing her to be thrown out of her wheelchair onto the roadway and onto her left side. In addition, she presented evidence the

license plate number associated with the vehicle that hit her was co-owned by Alford and his ex-girlfriend. When Seay-King's process server met with Alford's ex-girlfriend she confirmed the ownership of the vehicle and knowledge of the occurrence at issue in this case.[4] Moreover, Seay-King indicated that after the accident Alford walked over to her and spoke with her briefly and she was able to identify Alford as the driver of the vehicle that struck her from a photograph retrieved from the County of Dallas, State of Texas website. Based upon this record, we conclude Seay-King presented more than a scintilla of evidence that Alford was the individual driving the vehicle in question at the time it struck her. In addition, in her affidavit, Seay-King established the vehicle struck her as she was crossing the street on a green light, and when she was more than halfway across the street, and included a detailed listing of the injuries she suffered following the collision. This evidence raises a fact issue as to Seay-King's injuries, the negligence of Alford in operating the vehicle, and causation. We sustain Seay-King's first issue.

## III. Traditional Motion for Summary Judgment – Limitations Defense

In her second issue, Seay-King urges summary judgment on limitations grounds was improper because she raised an issue of material fact concerning her diligence in having citation issued and served.

---

[4] Alford asserted certain statements in the process server's affidavit are hearsay or are impermissibly conclusory. Alford waived his hearsay assertions, and his contention the process server's assertions concerning his service attempts are conclusory is without merit.

**A. Applicable Law**

A traditional summary judgment motion may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *Tex. Com. Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002). To defeat a plaintiff's cause of action on a traditional motion for summary judgment, a defendant must either conclusively negate at least one element of each of the plaintiff's theories of recovery or conclusively establish each element of an affirmative defense, thereby rebutting plaintiff's claim. *Pollard v. Hanschen*, 315 S.W.3d 636, 638 (Tex. App.—Dallas 2010, no pet.). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App.—Dallas 2007, no pet.).

Here, Alford sought traditional summary judgment on his affirmative defense of limitations. To obtain summary judgment on the basis that citation was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Id.* at 549.

–11–

"Bringing suit" within a limitations period involves both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). When, as here, the plaintiff files a petition within the limitations period, but fails to serve the defendant until after the statutory period has run, the suit is time barred unless it is shown that the plaintiff exercised diligence in effecting service. *Id.* That is, the date of service will relate back to the date the petition is filed if the plaintiff exercised diligence in serving the defendant. *Id.*

Whether the plaintiff exercised diligence in obtaining service is usually a fact question determined by a two-prong test: (1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.—San Antonio 2001, pet. denied). The plaintiff may avoid summary judgment on limitations if its explanation for the delay raises a material fact issue concerning the diligence of service efforts. *Draughon v. Johnson*, 631 S.W.3d 81, 93–94 (Tex. 2021). A lack of diligence can be found as a matter of law *only* if: (1) no valid excuse for lack of service is offered; or (2) the lapse of time and the plaintiff's acts or inaction conclusively negate diligence. *Keeton*, 53 S.W.3d at 18.

**B. Application of Law to Facts**

It is undisputed that Seay-King filed suit within the two-year statute of limitation applicable to her negligence claim and that she effected service on Alford approximately five months after she filed her petition and approximately four months after limitations ran. In support of his contention that Seay-King failed to exercise diligence in effecting service on him, as a matter of law, Alford relies on our sister court's opinion in *Rodriguez v. Tinsman & Houser*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) in which that court found lack of diligence as a matter of law. In *Rodriguez*, plaintiff's counsel made a deliberate decision not to have citation issued, instructed the clerk not to issue citation for service, and instead decided to inquire as to whether defense counsel would waive service, but then failed to make that inquiry. In this case, Seay-King indicated in her original petition, which was filed before the expiration of the applicable statute of limitations and is attached to Seay-King's response to Alford's motion for summary judgment,[5] that Alford "may be served with process at an apartment on S. Westmoreland Road . . ., Dallas, Texas 75233. Plaintiff requests service by private process." It is apparent from this recitation that Seay-King was pursuing issuance of citation and service and not an alternative means of obtaining jurisdiction over Alford.

---

[5] While pleadings are not generally considered to be proper summary judgment evidence, Seay-King's petition is part of the summary judgment record because Alford did not object to its inclusion in the record and both parties relied upon same in making their respective arguments. *See Commint Tech. Servs., Inc. v. Quickel*, 314 S.W.3d 646, 650–51 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

The record reflects that Seay-King paid the filing fee when the petition was filed, and that the payment was not sufficient to cover the fee for issuance of the citation. The record further reflects that on August 23, 2018, almost two months after Seay-King filed suit, her counsel requested issuance of citation and paid the $8 issuance fee. *Hodge v. Smith*, *Valdez v. Charles Orsinger Buick Co.* and *Saenz v. Keller Industries of Texas, Inc.* establish attorney error does not amount to a lack of due diligence in itself so long as it reflects mere inadvertence. *See Hodge v. Smith*, 856 S.W.2d 212, 216 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 128 (Tex. App.—Texarkana 1986, no writ); *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 668 (5th Cir. 1992). The standard is "due diligence," not perfection. Accordingly, we consider whether an inference can be drawn from the facts presented here that the delay in obtaining the issuance of citation was inadvertent.

In *Hodge*, the plaintiff's attempt to effect service on the defendant by publication was rendered ineffective due to counsel for plaintiff's inadvertent failure to sign a supporting affidavit. *Hodge*, 856 S.W.2d at 216. Relying on the invalid citation by publication, counsel for plaintiff delayed in obtaining personal service for many months. *Id.* The *Hodge* court reversed summary judgment based on limitations, finding that the attorney's explanation constituted a valid excuse of delay because the attorney had reason to believe he had affected service by publication. *Id.* at 217.

–14–

In *Valdez*, the plaintiff sued two defendants. When suit was filed, the fee paid to issue citation of service was insufficient payment for service on both defendants. *Valdez*, 715 S.W.2d at 128. The insufficient payment was due to miscommunication between the law firm's secretary and the clerk's office; the secretary believed the fee would cover both defendants and the clerk's office assumed only one citation was to be issued. *Id.* Consequently, only one defendant was timely served; the other defendant was not served until eight months after the limitations period had expired. *Id.* at 127. The *Valdez* court reversed the defendant's summary judgment, finding that the proffered excuse of miscommunication between the law firm and the clerk's office was sufficient to raise a fact issue as to whether the plaintiff exercised reasonable diligence. *Id.* at 128.

In *Saenz*, issuance and service of process were obtained after the expiration of the limitations period. *Saenz*, 951 F.2d at 666–67. Counsel for plaintiff's failure to submit a required summons request form at the time suit was filed occasioned the delay. *Id.* at 667. The omission was due to the attorney's miscommunication with the clerk's office coupled with his failure to observe local rules. *Id.* at 666–67. Reversing the defendant's summary judgment based on limitations, the Fifth Circuit concluded that the attorney's inadvertence was not enough to conclusively negate due diligence. *Id.* at 668.

In the instant case, based on the record before us, we conclude this case is more akin to *Valdez* than *Rodriguez* as the delay in the issuance of the citation itself

may have been due to inadvertence because Seay-King intended to have citation issue upon the filing of the petition, to be served by private process, but the citation did not issue because of an oversight on the payment of the $8 issuance fee that was not discovered until after the expiration of the limitations period. Thus, we conclude there is at least a genuine fact issue on whether Seay-King was diligent in seeking the issuance of citation.

Next, we consider whether Seay-King raised a fact issue with respect to her diligence in serving Alford after the citation issued. It appears that as soon as Seay-King's attorney's office discovered it had failed to pay the $8 fee for preparation of the citation, it redressed the error and immediately placed the citation and the papers to be served upon Alford with the process server. Thereafter, the process server made several attempts to serve Alford and he indicated that it was a difficult process and that he had to investigate and research to discover where Alford might be found. Then, when continuing efforts to serve Alford personally appeared to be fruitless, Seay-Afford immediately pursued alternative means of service. While there were some deficiencies in Seay-King's motion, Seay-King promptly remedied them and, on November 16, 2018, the trial court granted permission to serve Alford by leaving a true copy of the citation, with a copy of the Petition with anyone over the age of sixteen at the John West Road address. That service was promptly effected.

Based upon the record before us, and resolving all inferences and doubts in favor of Seay-King, we conclude there is a genuine issue of material fact as to the

existence of due diligence, which should be resolved by a jury and not by the court as a matter of law. *See Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Thus, to the extent the trial court granted summary judgment on a lack of diligence in serving Alford, it erred in doing so. We sustain Seay-King's second issue.

## CONCLUSION

We reverse the trial court's order granting Alford summary judgment on Seay-King's negligence claim and remand the case for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

201113F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

PATRICIA A. SEAY-KING,
Appellant

No. 05-20-01113-CV      V.

KENDRICK ALFORD, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-08368.
Opinion delivered by Justice
Schenck. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the order granting appellee summary judgment is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant PATRICIA A. SEAY-KING recover her costs of this appeal from appellee KENDRICK ALFORD.


Judgment entered this 29th day of April 2022.