Thomas Y. EICHEL and Lea E. Eichel, Appellants,

v.

Wazi ULLAH, Appellee.

No. 08–91–00133–CV.

Court of Appeals of Texas, El Paso.

May 6, 1992.

James Boanerges, Lueders & Boanerges, Houston, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

LARSEN, Justice.

This is a personal injury suit stemming from an automobile accident which occurred May 26, 1985. On May 22, 1987, plaintiffs Thomas and Lea Eichel filed suit in Harris County District Court against Wazi Ullah. Mr. Ullah was not served with process, however, until August 12, 1988. The issue presented is whether the failure to serve process upon defendant for 14 months after the statute of limitations expired established lack of due diligence, thus preventing the mere filing of suit from tolling the running of limitations. The trial court held that the failure to use due diligence was established as a matter of law. We affirm.

■ To "bring suit" within the two-year limitations period prescribed by Section 16.003 of the Texas Civil Practice and Remedies Code, plaintiff must not only file suit within the applicable limitations period, but must also use diligence in having the defendant served with process. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990) (per curiam); *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180, 182 (Tex. 1970). When plaintiff files a petition within the limitations period, as here, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing only if the plaintiff exercises diligence in effecting service. *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975) (per curiam).

■ To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Zale,* 520 S.W.2d at 891. Generally, the exercise of due diligence in obtaining service of citation is a question of fact.

Carlos A. Peniche, Peniche & Singleton, Houston, for appellants.

*Valdez v. Charles Orsinger Buick Company,* 715 S.W.2d 126 (Tex.App.—Texarkana 1986, no writ). The issue can be determined as a matter of law, however, if no valid excuse exists for plaintiffs' failure to timely serve notice of process. *Gant,* 786 S.W.2d at 260; *Rigo,* 458 S.W.2d at 182. The two controlling factors which decide due diligence are: (1) whether plaintiffs acted as ordinary prudent persons would act under the same circumstances; and (2) whether plaintiffs acted diligently up until the time defendant was actually served. *Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 535 (Tex.App.—Dallas 1987, no writ). The duty to use due diligence continues from the date suit is filed until the defendant is served. *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.—Corpus Christi 1990, no writ).

▮ In this case, the uncontroverted summary judgment evidence establishes that plaintiffs failed to use due diligence during a period of time from October 1987 until July 1988, a lapse of nine months duration. It is undisputed that the accident here occurred on May 26, 1985, and plaintiffs filed their suit on May 22, 1987, four days before the statute of limitations expired. Plaintiffs did not request issuance of citation when they filed suit; rather they waited until August 6, 1987 to do so. The only other citation issued was dated July 27, 1988.[1] Service upon Wazi Ullah was not achieved until August 12, 1988.

Plaintiffs assert that because Mr. Ullah initially fled the scene of the accident without identifying himself, and that plaintiffs did not learn his name until three weeks after the accident, that those three weeks should be deleted from the calculation of the statute of limitations.

Further, plaintiffs maintain that they have satisfactorily explained any delay in service of citation because at the time suit was filed, both plaintiffs and their counsel believed that the only home address avail-

able for defendant Ullah was no longer valid. This belief was based upon the return of a certified letter mailed to defendant's purported residence address. The returned letter did not actually indicate that defendant had moved or that he was unknown at that address; the envelope simply noted that the letter was unclaimed. Likewise, counsel did not seek service at Ullah's employment address because the telephone number for that business had been disconnected. It also appears that Mr. Ullah's business address was incorrect on the police accident report, the numbers of his street address having been transposed. These asserted reasons seem to this Court inadequate to excuse the failure for over two months to request that citation issue. A reasonably diligent person in plaintiffs' circumstance would not assume that an "unclaimed" letter meant a bad address; even if the address was not defendant's residence, some investigation might have revealed where defendant could be found. Further, the Court notes that although plaintiffs knew who Mr. Ullah's insurance carrier was, and actually received payment from the carrier, their summary judgment evidence is silent as to any attempt to locate Mr. Ullah through his insurer, or to attempt substituted service or service by publication, as allowed by Tex.R.Civ.P. 109 and 109a. These obvious avenues apparently remained completely unexplored by plaintiffs and their counsel.

Plaintiffs' prior counsel, by affidavit, detailed the efforts he did make to find and serve defendant Ullah after suit was filed. These efforts included: (1) requesting Ullah's motor vehicle record from the Texas Department of Public Safety; (2) requesting any forwarding address from the postal service; (3) mailing letters to Mr. Ullah's forwarding address; (4) requesting issuance of the first citation for service at the forwarding address provided by the U.S. Postal Service; and (5) asking plain-

---

1. In plaintiffs' brief on appeal, they assert that defendant failed to prove that these two citations were, in fact, the only two citations issued. Defendant responded by citing the clerk's docket sheet, which indicates that two $43 payments

were made for issuance of citation. At oral argument, plaintiffs' appellate counsel acknowledged that the summary judgment evidence was adequate to establish that only two citations had been issued.

tiffs to confirm whether Mr. Ullah lived at the new address (which, strangely, was across the street from plaintiffs' home). In October 1987, counsel's efforts to find Mr. Ullah and effect service ceased. His affidavit states:

> At this point I did not know what to do. I did not know where Mr. Ullah lived nor where he worked. The occupation listed on the police report in my mind was unintelligible.... Therefore I did not even know what he even did for a living. He had an unlisted phone number [and] had left no proper forwarding address. From what I could see, he had failed to notify the Department of Public Safety of his current address. Those facts combined with the fact that initially he fled the scene of the accident, and that he had an unusual and foreign sounding name caused me to believe that he may have left the area.

In April 1988, counsel sent plaintiffs a letter advising that his firm no longer wished to represent them. The firm did not withdraw, however, as plaintiffs requested that they keep the file for "a while longer." No activity aimed at perfecting service took place between October 1987 and July 1988. Fortuitously, in July 1988, plaintiff Thomas Eichel met defendant Ullah at a computer fair. Mr. Ullah was served with process within two weeks following this meeting.

Texas courts have consistently held that due diligence was lacking as a matter of law based on unexplained lapses of time between filing of suit, issuance of citation and service. *See, e.g., Rigo,* 458 S.W.2d at 180 (approximately seventeen months between filing and service); *Liles v. Phillips,* 677 S.W.2d 802 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.) (two years and one month between filing and service); *Williams v. Houston–Citizens Bank and Trust Company,* 531 S.W.2d 434 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (approximately eight months between expiration of first citation and issuance of second); *Buie v. Couch,* 126 S.W.2d 565, 567 (Tex.Civ.App.—Waco 1939, writ ref'd) (almost four months between filing and issuance of citation and another month between issuance and service).

Plaintiffs' delay here of over two months between filing suit and issuance of citation, and nine months without any activity at all aimed at finding or serving Mr. Ullah, established lack of diligence as a matter of law, and the trial court correctly entered summary judgment against plaintiffs.

■ Regarding plaintiffs' argument that Mr. Ullah fraudulently concealed his identity following the accident, it is true that concealment of a party's identity is a factor which weighs heavily in favor of finding due diligence. *Martinez v. Becerra,* 797 S.W.2d 283, 285 (Tex.App.—Corpus Christi 1990, no writ). Limitations begin to run only from the time the fraudulent concealment is discovered or, in the exercise of reasonable diligence, should have been discovered by the wronged party. *Estate of Stonecipher v. Estate of Butts,* 591 S.W.2d 806, 809 (Tex.1979). Here, for summary judgment purposes, an inference was raised that defendant Ullah did conceal his identity when he fled the scene of the accident. However, he apparently called the police to report his name and insurance information that same day. Plaintiffs admit that they actually learned Ullah's identity three weeks later, when Ullah voluntarily called them, gave them a residence address and telephone number and assured them that his insurance would take care of everything. Plaintiffs made a claim on Ullah's liability insurance and received payment for medical expenses from the carrier during the two years before the limitations period expired. Mr. Ullah's initial brief concealment of his identity, therefore, had no bearing upon plaintiffs' failure to obtain service. Even assuming that for three weeks following the accident, the statute of limitations was tolled, there remains over eight months for which plaintiffs have failed to explain their lack of effort to diligently pursue service.

The Court is concerned with a potential public policy issue here: That a defendant who fled the scene of an automobile accident may now reap some reward from his refusal to take responsibility for his actions. Here, however, Mr. Ullah apparently realized his error promptly, and made

efforts to correct it by reporting the accident to the police the very day it happened, and by telephoning plaintiffs personally. Plaintiffs contacted Mr. Ullah's liability insurance carrier and received medical benefits from that company. It was plaintiffs who opted not to hire an attorney until almost two years after the collision occurred. Mr. Ullah's initial failure to stop at the scene had nothing to do with that decision. This does not appear to be a case in which defendant willfully avoided revealing his identity to avoid service of process, and the outcome here should not be read as holding that such irresponsible conduct, in an appropriate case, would not toll the statute of limitations. Points of Error Nos. One and Two are overruled.

The judgment of the trial court is affirmed.