Gregory TAYLOR, Appellant,

v.

James S. RELLAS, M.D., Appellee.

No. 11–01–00144–CV.

Court of Appeals of Texas,
Eastland.

Jan. 10, 2002.

Kenneth Fuqua, Fuqua, Hudnall & Gappelberg, Dallas, for appellant.

Chad Rook, C. Charles Townsend, J. Truscott Jones, Jones Law Firm, Dallas, for appellee.

Panel consists of WRIGHT, J., McCALL, J., and McCLOUD, S.J.*

Opinion

AUSTIN McCLOUD, Senior Justice (Retired).

The trial court granted a summary judgment based on limitations in this medical malpractice case. Appellant, Gregory Taylor, appeals, contending that appellee, Dr. James S. Rellas, failed to conclusively establish the bar of limitations. We reverse and remand.

The two-year limitations period was extended to August 24, 2000,[1] pursuant to TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01 (Vernon Supp.2002). On August 17, appellant filed his original petition alleging that appellee was negligent. On August 17, the clerk issued citation to be served upon appellee. On August 18, Aubrey McIlveene, a private process server authorized by TEX.R.CIV.P. 103 to serve citations, picked up the citation. On August 23, Aubrey McIlveene attempted to serve the citation on appellee at appellee's medical office located in Dallas. Aubrey McIlveene stated in his affidavit that the office was locked and that he got no response to his knocking on the door. On August 25, Aubrey McIlveene transferred the citation

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. All dates referred to hereafter are in the year 2000.

to Bryant McIlveene, a private process server authorized by Rule 103 to serve citations, to deliver to appellee. On September 7, Bryant McIlveene attempted to serve appellee at appellee's office in Dallas. Bryant McIlveene stated in his affidavit that the office was locked.

Appellant's trial counsel stated in his affidavit that "[s]ometime between September 7 and September 27, 2000," he noted that he had not received an answer for appellee. The attorney checked his file and determined that he had no indication that appellee had been served. The attorney asked his secretary to call Aubrey McIlveene and inquire as to why appellee had not been served.

Bryant McIlveene stated in his affidavit that Aubrey McIlveene contacted him on September 27, inquiring about the citation. After searching, Bryant McIlveene found that the citation that was to be served on appellee had been inadvertently clipped behind another citation. On September 27, Bryant McIlveene learned from appellee's receptionist that appellee was at his medical office in Carrollton. Bryant McIlveene served the citation on appellee at appellee's office in Carrollton on September 27.

Appellant filed his petition within the limitations period, but appellant failed to serve appellee until after the limitations period had run. The court in *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990), stated:

> [A] plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date

of filing if the plaintiff exercised diligence in effecting service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam).

To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Zale*, 520 S.W.2d at 891. See *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996).

■ Generally, the exercise of due diligence is a question of fact. *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex.App.-Houston (1st Dist.) 1993, writ den'd). The court in *Hodge* stated:

> The issue can be determined as a matter of law, however, if no valid excuse exists for a plaintiff's failure to timely serve notice of process. [*Eichel v. Ullah*, 831 S.W.2d 42, 43 (Tex.App.-El Paso 1992, no writ).] The two controlling factors that decide due diligence are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was actually served. *Id.* The duty to use due diligence continues from the date suit is filed until the date defendant is served. *Id.*

To support his position, appellee primarily relies upon *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47 (Tex.App.-San Antonio 1999, pet'n den'd); *Taylor v. Thompson*, 4 S.W.3d 63 (Tex.App.-Houston [1st Dist.] 1999, pet'n den'd); and *Perkins v. Groff*, 936 S.W.2d 661 (Tex.App.-Dallas 1996, writ den'd). The cited cases are distinguishable. In *Perkins*, the plaintiff did not file a response to the motion for summary judgment. Therefore, the Dallas Court found that there was no explanation for the delay. Furthermore, when the plaintiff filed his petition, he requested in a letter to the clerk that the clerk not issue

citation until a later date. Plaintiff did not request that citation be issued and served until after limitations had run. Also, in *Rodriguez*, the plaintiff expressly directed the clerk not to issue citation when the suit was filed. Plaintiff waited until after limitations had run before requesting the clerk to issue citation. The plaintiff in *Taylor* waited over four months after suit was filed before requesting issuance of citation and before requesting that service of citation be made by a private process server.

Here, citation was issued by the clerk on August 17, the day suit was filed. On August 23, Aubrey McIlveene attempted to serve appellee. On September 7, Bryant McIlveene attempted to serve appellee. Sometime between September 7 and September 27, trial counsel determined that there was nothing in his file indicating that appellee had been served. Counsel instructed his secretary to call Aubrey McIlveene. On September 27, after learning that appellee was at his Carrollton office, Bryant McIlveene served appellee.

In deciding whether a disputed material fact issue precludes summary judgment, we must take as true all evidence favoring the non-movant. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). We hold that a genuine issue of material fact exists as to whether appellant exercised diligence in effecting service. See *Keeton v. Carrasco*, 53 S.W.3d 13 (Tex.App.-San Antonio 2001, pet'n filed).

The judgment of the trial court is reversed, and the cause is remanded.