11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gregory Taylor

Appellant

Vs.                   No.
11-01-00144-CV B Appeal from Dallas County

James S. Rellas, M.D.

Appellee

 

The trial
court granted a summary judgment based on limitations in this medical
malpractice case.  Appellant, Gregory
Taylor, appeals, contending that appellee, Dr. James S. Rellas, failed to
conclusively establish the bar of limitations. 
We reverse and remand.

The
two-year limitations period was extended to August 24, 2000,[1]
pursuant to TEX.REV.CIV.STAT.ANN. art. 4590i, ' 4.01 (Vernon Supp. 2002).  On
August 17, appellant filed his original petition alleging that appellee was
negligent.  On August 17, the clerk
issued citation to be served upon appellee. 
On August 18, Aubrey McIlveene, a private process server authorized by TEX.R.CIV.P.
103 to serve citations, picked up the citation.  On August 23, Aubrey McIlveene attempted to serve the citation on
appellee at appellee=s
medical office located in Dallas. 
Aubrey McIlveene stated in his affidavit that the office was locked and
that he got no response to his knocking on the door.  On August 25, Aubrey McIlveene transferred the citation to Bryant
McIlveene, a private process server authorized by Rule 103 to serve citations,
to deliver to appellee. On September 7, Bryant McIlveene attempted to serve
appellee at appellee=s
office in Dallas.  Bryant McIlveene stated
in his affidavit that the office was locked.

Appellant=s trial counsel stated in his affidavit that A[s]ometime between September 7 and September
27, 2000,@ he noted that he had not received an answer
for appellee.  The attorney checked his
file and determined that he had no indication that appellee had been
served.  The attorney asked his
secretary to call Aubrey McIlveene and inquire as to why appellee had not been
served.








Bryant
McIlveene stated in his affidavit that Aubrey McIlveene contacted him on
September 27, inquiring about the citation. 
After searching, Bryant McIlveene found that the citation that was to be
served on appellee had been inadvertently clipped behind another citation.  On September 27, Bryant McIlveene learned
from appellee=s receptionist that appellee was at his
medical office in Carrollton.  Bryant
McIlveene served the citation on appellee at appellee=s office in Carrollton on September 27.

Appellant
filed his petition within the limitations period, but appellant failed to serve
appellee until after the limitations period had run.  The court in Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.1990),
stated:

[A] plaintiff must not only file suit within
the applicable limitations period, but must also use diligence to have the
defendant served with process.  Rigo
Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex.1970).  When a plaintiff files a petition within the limitations period,
but does not serve the defendant until after the statutory period has expired,
the date of service relates back to the date of filing if the plaintiff
exercised diligence in effecting service. 
Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex.1975) (per curiam).

 

To obtain
summary judgment on the grounds that an action was not served within the
applicable limitations period, the movant must show that, as a matter of law,
diligence was not used to effectuate service. 
Zale, 520 S.W.2d at 891.

 

See Jennings v. Burgess,
917 S.W.2d 790, 793 (Tex.1996).

Generally,
the exercise of due diligence is a question of fact.  Hodge v. Smith, 856 S.W.2d 212, 215 (Tex.App. - Houston (1st
Dist.) 1993, writ den=d).  The court in Hodge stated:

The issue can be determined as a matter of
law, however, if no valid excuse exists for a plaintiff=s failure to timely serve notice of process.
[Eichel v. Ullah, 831 S.W.2d 42, 43 (Tex.App. - El Paso 1992, no writ).]  The two controlling factors that decide due
diligence are: (1) whether the plaintiff acted as an ordinary prudent person
would act under the same circumstances; and (2) whether the plaintiff acted
diligently up until the time the defendant was actually served.  Id. 
The duty to use due diligence continues from the date suit is filed
until the date defendant is served.  Id.

 








To support
his position, appellee primarily relies upon Rodriguez v. Tinsman & Houser,
Inc., 13 S.W.3d 47 (Tex.App. - San Antonio 1999, pet=n den=d); Taylor v. Thompson, 4 S.W.3d 63 (Tex.App. - Houston [1st Dist.]
1999, pet=n den=d); and Perkins v. Groff, 936 S.W.2d 661 (Tex.App. - Dallas 1996, writ
den=d). 
The cited cases are distinguishable. 
In Perkins, the plaintiff did not file a response to the motion
for summary judgment.  Therefore, the
Dallas Court found that there was no explanation for the delay.  Furthermore, when the plaintiff filed his
petition, he requested in a letter to the clerk that the clerk not issue
citation until a later date.  Plaintiff
did not request that citation be issued and served until after limitations had
run.  Also, in Rodriguez, the
plaintiff expressly directed the clerk not to issue citation when the suit was
filed.  Plaintiff waited until after
limitations had run before requesting the clerk to issue citation.  The plaintiff in Taylor waited over
four months after suit was filed before requesting issuance of citation and
before requesting that service of citation be made by a private process server.

Here,
citation was issued by the clerk on August 17, the day suit was filed.  On August 23, Aubrey McIlveene attempted to
serve appellee.  On September 7, Bryant
McIlveene attempted to serve appellee. 
Sometime between September 7 and September 27, trial counsel determined
that there was nothing in his file indicating that appellee had been
served.  Counsel instructed his
secretary to call Aubrey McIlveene.  On
September 27, after learning that appellee was at his Carrollton office, Bryant
McIlveene served appellee.

In
deciding whether a disputed material fact issue precludes summary judgment, we
must take as true all evidence favoring the non-movant.  Every reasonable inference from the evidence
will be indulged in favor of the non-movant, and any doubts will be resolved in
the non-movant=s favor. 
Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548-49
(Tex.1985).  We hold that a genuine
issue of material fact exists as to whether appellant exercised diligence in
effecting service.  See Keeton v.
Carrasco, 53 S.W.3d 13 (Tex.App. - San Antonio 2001, pet=n filed).

The
judgment of the trial court is reversed, and the cause is remanded.

 

AUSTIN
McCLOUD

January 10, 2002                                                          SENIOR
JUSTICE

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and McCloud, S.J.[2]











[1]All dates referred to hereafter are in the year 2000.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.