Opinion issued July 2, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00873-CV




JONATHAN A. LAWRENCE, Appellant

V.

GEICO GENERAL INSURANCE COMPANY, AS SUBROGEE, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 04-CV-1071




MEMORANDUM OPINION
          Appellant, Jonathan A. Lawrence, appeals from the trial court’s judgment in
favor of Geico General Insurance Company (“Geico”). In four issues, Lawrence
alleges that Geico’s claim is barred by the statute of limitations because Geico did not
diligently pursue service of citation, that the trial court erroneously admitted a police
report, and that there was no evidence that Lawrence’s vehicle was involved in the
collision from which this subrogation case arose.
          We affirm.
Background
          This case arises from a 2002 collision in which a car owned by Charlie
Grooters, which was legally parked and unoccupied at the time of the accident, was
hit by a moving car in the early morning hours, allegedly by Lawrence. In his
deposition, Lawrence testified that he had no recollection of the collision, saying,
“I’m not actually sure if I was the driver.” He also said he had “no idea” or “no
recollection” if he was under the influence of alcohol or drugs, prescription or
otherwise, at the time of the collision. In addition, Lawrence testified that he had
been traveling with a friend the night of the collision, he had not loaned his vehicle
to anyone, and it had not been stolen during that time. However, Lawrence said that
his car was damaged in an accident on the same date of the police report regarding
this collision. The police report recited the following:
Vehicle 2 [Grooter’s car] was legally parked and unoccupied on
the Northbound curb of 29th St. in the 1200 blk. Vehicle 1 [appellant’s
car] was traveling Northbound on 29th St. and struck vehicle 2 in the
rear. Details: Vehicle 1 was discovered parked at 3001 Ave. O with
heavy damage to the front and red paint transfer on the hood. The grill
of vehicle 1 was also busted. 
Vehicle 2 was found Northbound on 29th St. legally parked in the
1600 blo[c]k. Vehicle 2 had heavy damage to the rear end and smeared
paint consistent with that on vehicle 1. Debri[s] from the grill of vehicle
1 was found at the accident scene.
 
          Beside the narrative was a diagram showing Lawrence’s car behind Grooter’s
car. At the bottom of the police report was a section for the investigating officer to
indicate factors and conditions that did contribute or may have contributed to the
accident. Below this is a numbered list of 74 factors. Although the investigating
officer indicated factors 20 and 23 in the report (driver inattention and failure to drive
in a single lane), the trial court redacted these factors on Lawrence’s objection before
admitting the police report into evidence. In addition to the narrative and diagram,
the police report lists Lawrence as the driver of vehicle 1. 
          Geico filed its subrogation suit in late September 2004, several days before the
expiration of the statute of limitations. According to Geico’s attorney, who testified
at trial, it immediately asked for citation, but Geico did not receive the citation from
the clerk’s office until about two months later, in early December 2004. Geico
engaged Joe Blum, a certified process server, to serve the citation on appellant. Blum
attempted to serve Appellant at his parents’ home in Galveston. He was told that
Lawrence did not live there. At trial, Lawrence’s father testified that Lawrence did
not live with them at that time. Blum swore out an affidavit that he had attempted to
serve Lawrence five times in December 2004 and that he had made several phone
calls. In addition, Blum provided Geico with eight additional, potential addresses for
Lawrence. 
          In January 2005, responsibility for the case was transferred to another in-house
attorney for Geico, Timothy Fields. In January and February 2005, Fields attempted
to locate Lawrence at the additional eight addresses. In April 2005, Geico moved for
service by publication, and Geico received the citation for publication the following
month. Geico noticed that it incorrectly stated the date of filing the petition as
September 2005, not September 2004. Geico instructed the newspaper to disregard
the incorrect citation, obtained a corrected citation, and submitted it to the newspaper. 
A citation appeared in the newspaper for four consecutive weeks beginning in June
2005 and ending in July 2005, approximately eight months after Geico filed its
petition.      The trial court appointed an attorney ad litem, who answered the case,
generally denying the claims and asserting a statute-of-limitations defense. Geico
continued trying to locate Lawrence to effect actual, personal service on him. Geico
requested a new citation three times and finally obtained it. In January 2006, Geico
located and again personally served Lawrence.
          After lengthy testimony on the issue, the jury found that Geico had exercised
due diligence in serving Lawrence and that Geico should recover on its subrogation
claim. On appeal, Lawrence challenges the jury’s findings and the trial court’s
admission of certain evidence.
Statute of Limitations 
          In his first two issues, Lawrence alleges that the trial court erred by overruling
both his motion for directed verdict and his motion for judgment notwithstanding the
verdict (judgment n. o. v.), which were based on the statute of limitations. In his
motion for directed verdict based on limitations, Lawrence argued that Geico
presented no evidence to explain why it did not pursue substitute service under Rule
106. In his motion for judgment n.o.v., Lawrence specifically argued that there was
no evidence to support the jury’s finding that Geico exercised “due diligence in
requesting the issuance of and service of citation.”
Standard of Review
          “A court may instruct a verdict if no evidence of probative force raises a fact
issue on the material questions in the suit.” Prudential Ins. Co. of Am. v. Fin. Review
Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). “A directed verdict for a defendant may
be proper in two situations. First, . . . when a plaintiff fails to present evidence
raising a fact issue essential to the plaintiff’s right of recovery. Second, . . . if the
plaintiff admits or the evidence conclusively establishes a defense to the plaintiff’s
cause of action.” Id. (citations omitted). A judgment notwithstanding the verdict is
proper when a directed verdict would have been proper. Tex. R. Civ. P. 301; Fort
Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991).
          When made on an evidentiary basis, rulings on motions for directed verdict and
on motions for JNOV are reviewed under the same legal-sufficiency test as are
appellate no-evidence challenges. See City of Keller v. Wilson, 168 S.W.3d 802, 823,
827 (Tex. 2005). The test for legal sufficiency is “whether the evidence at trial would
enable reasonable and fair-minded people to reach the verdict under review.” City
of Keller, 168 S.W.3d at 827. In making this determination, we credit favorable
evidence if a reasonable fact-finder could, and disregard contrary evidence unless a
reasonable fact-finder could not. Id. So long as the evidence falls within the zone of
reasonable disagreement, we may not substitute our judgment for that of the
fact-finder. Id. at 822. The trier of fact is the sole judge of the credibility of the
witnesses and the weight to give their testimony. Id. at 819. Although we consider
the evidence in a light most favorable to the challenged findings, indulging every
reasonable inference that supports them, we may not disregard evidence that allows
only one inference. Id. at 822.
Due Diligence
          To comply with the statute of limitations, a plaintiff must file suit within the
applicable limitations period and use diligence to serve the defendant with process. 
Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007). If service is diligently effected
after limitations has expired, the date of service will relate back to the date of filing. 
Id.; accord Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Zale Corp. v.
Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam). Due diligence depends
on: (1) whether plaintiffs acted as ordinary prudent persons would act under the same
circumstances; and (2) whether plaintiffs acted diligently up until the time defendant
was actually served. Eichel v. Ulla, 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992,
no writ); accord Evans Am. Corp. v. Munter’s Moisture Control, No.
01-92-01046-CV, 1993 WL 518607, *1 (Tex. App.—Houston [1st Dist.]
December 16, 1993, no writ) (not designated for publication). Whether the plaintiff
acted with due diligence is a question of fact. Eichel, 831 S.W.2d at 43. Only where
the plaintiff offers no valid explanation for the delay in service may the question of
due diligence be answered as a matter of law. Id. at 44. 
Discussion
          Geico’s subrogation claim was subject to the two-year statute of limitations. 
See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2002) (stating two-year
statute of limitations for property-damage tort claims); Brown v. Zimmerman, 160
S.W.3d 695, 700 (Tex. App.—Dallas 2005, no pet.) (“There is no specific statute of
limitations for subrogation actions. Instead, these actions generally are subject to the
same statute which would apply had the action been brought by the subrogee.”). At
trial, Geico presented detailed evidence about its efforts to serve Lawrence.
          Lawrence contends that this was insufficient to show due diligence because
Geico did not seek substituted service under Texas Rule of Civil Procedure 106. See
Tex. R. Civ. P. 106 (b) (providing that substituted service may be accomplished by
leaving citation with qualified person at “defendant’s usual place of business or usual
place of abode or other place where the defendant can probably be found . . . .”). 
Lawrence argues that Geico should have served his father or mother at their address. 
But Geico presented the affidavit of Joe Blum, the process server, who knocked on
Lawrence’s parents’ door and was told that Lawrence did not live there. In addition,
Lawrence’s father testified at trial that Lawrence did not live with him at the time
Blum was looking for him. Levin explained twice during his trial testimony that he
believed service under Rule 106 to be inappropriate because Geico had information
indicating that Lawrence’s parents’ house was not Lawrence’s usual place of business
or abode or a place where he could probably be found.
          Geico also responds that it requested issuance of a citation upon filing its
petition, engaging a process server, a private investigator, and staff attorneys to locate
and serve Lawrence. About eight months after filing suit, Geico served Lawrence by
publication in accordance with Texas Rule of Civil Procedure 109. Upon noticing
a typographical error in the citation, Geico’s attorneys sought a corrected citation. 
After again serving Lawrence by publication, Geico sought and obtained the
appointment of an attorney ad litem to represent Lawrence. Service by publication
thus was accomplished eight months after suit. Geico continued to search for
Lawrence and eventually personally served him a second time, about seven months
after the service by publication. Neil Levin, the managing attorney for Geico’s staff
counsel office, testified that he was involved with this case from its inception and
“not a single month . . . passed that something wasn’t being done in one form or
another with this file until service was achieved by publication.” In addition, Geico
continued to work on this case every month until actual personal service was
accomplished after service by publication. Viewing the evidence in the light most
favorable to the jury’s finding, we conclude that a reasonable jury could have found
that Geico acted as a reasonably prudent party would act and acted diligently until
Lawrence was served with citation. 
          We overrule Lawrence’s first and second issues.
Police Report
          Lawrence contends that the trial court abused its discretion by admitting the
police report. At trial, Lawrence objected based on hearsay and because the police
officer’s observations and conclusions in the report constituted improperly predicated 
expert testimony. 
Let me just take them [appellant’s objections to appellee’s exhibits] one
by one. The first is Exhibit 1. It’s a police report. And the police report
is going to be pure hearsay. Now, certainly they can be authenticated as
public records for some purposes, but to the extent that the officer
making that report repeats what other people said, that’s pure hearsay and
there’s no exception to that. And to the extent of this report if any
conclusions or anything like that were offered, they’re, in essence, expert
conclusions and there we would have no basis to cross-examine or even
to determine the basis for those conclusions from that report. So, on
those two grounds the report should not be admitted. . . .
 
          The parties argued about whether appellant had been driving the car at the time
of the collision and about the police officer’s opinion about factors that may have
contributed to the accident, namely driver inattention and failure to drive in a single
lane. The trial court admitted the exhibit, saying, “I’m going to admit Exhibit No. 1
and just redact the portion where it’s indicating factors or conditions
contributing—other factors or conditions may or may not be contributing.” On
appeal, Lawrence argues that other evidence contradicted the police officer’s
conclusions.
Standard of Review
          We review a trial court’s decision to admit or exclude evidence for abuse of
discretion. Bay Area Healthcare Group, Ltd. v. McShane, 239 S.W.3d 231, 234 (Tex.
2007); Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
A trial court abuses its discretion if it acts without regard to guiding rules or
principles. Owens-Corning Fiberglas Corp., 972 S.W.2d at 43. We must uphold the
trial court’s evidentiary ruling if there is any legitimate basis for the ruling. See id. 
We will not reverse a trial court for an erroneous evidentiary ruling unless the error
probably caused the rendition of an improper judgment or probably prevented the
appellant from properly presenting his case to the court of appeals. See Tex. R. App.
P. 44.1(a); Owens-Corning Fiberglas Corp., 972 S.W.2d at 43; Benavides v.
Cushman, Inc., 189 S.W.3d 875, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.).
Hearsay
          Rule of Evidence 803(8) provides an exception to the hearsay rule for certified
copies of public records.
Records, reports, statements, or data compilations, in any form, of public
offices or agencies setting forth:
 
                    (A) the activities of the office or agency;
 
(B) matters observed pursuant to duty imposed by law as to which
matters there was a duty to report, excluding in criminal cases
matters observed by police officers and other law enforcement
personnel; or
 
(C) in civil cases as to any party and in criminal cases as against
the state, factual findings resulting from an investigation made
pursuant to authority granted by law;
 
unless the sources of information or other circumstances indicate lack
of trustworthiness.
 
Tex. R. Evid. 803 (8). Here, there was no indication that the police report lacked
trustworthiness. Therefore, the trial court did not err by admitting the police report
on this basis. E.g., Sciarrilla v. Osborne, 946 S.W.2d 919, 923–24 (Tex.
App.—Beaumont 1997, pet. denied) (accident reports are admissible as exception to
the hearsay rule); accord Carter v. Steere Tank Lines, Inc., 835 S.W.2d 176, 181
(Tex. App.—Amarillo 1992, writ denied) (citing Clement v. Texas Dept. of Public
Safety, 726 S.W.2d 579, 581 (Tex. App.—Fort Worth 1986, no writ); Porter v. Texas
Dept. of Public Safety, 712 S.W.2d 263, 265 (Tex. App.—San Antonio 1986, no
writ)). However, we address appellant’s contention that the trial court improperly
admitted the police report on the ground that it includes expert opinions without any
underlying foundation because the police officer did not testify as to his qualifications
or to the basis of his opinions.
Expert Opinion
          Lawrence objected generally to the possible inclusion of expert opinion in the
police report, saying “if any conclusions or anything like that were offered, they’re,
in essence, expert conclusions and there we would have no basis to cross-examine or
even to determine the basis for those conclusions from that report.” Lawrence
specifically objected to the officer’s indication that driver inattention and failure to 
drive in a single lane did or may have contributed to the collision. The trial court
redacted those portions of the report.
Specific Objection Required
          An objection to proffered evidence must be specific. Tex. R. Evid. 103. A
general objection to evidence as a whole, which does not point out specifically the
portion objected to, is properly overruled if any part of that evidence is admissible.
Speier v. Webster College, 616 S.W.2d 617, 619 (Tex. 1981); Brown & Root, Inc. v.
Haddad, 142 Tex. 624, 180 S.W.2d 339, 341 (1944); Tex. Mun. Power Agency v.
Berger, 600 S.W.2d 850, 854 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ).
          The accident report stated:
Vehicle 2 [Grooter’s car] was legally parked and unoccupied on the
Northbound curb of 29th St. in the 1200 blk. Vehicle 1 [appellant’s car] was
traveling Northbound on 29th St. and struck vehicle 2 in the rear. Details:
Vehicle 1 was discovered parked at 3001 Ave. O with heavy damage to the
front and red paint transfer on the hood. The grill of vehicle 1 was also busted. 
Vehicle 2 was found Northbound on 29th St. legally parked in the 1600
blok. Vehicle 2 had heavy damage to the rear end and smeared paint consistent
with that on vehicle 1. Debri[s] from the grill of vehicle 1 was found at the
accident scene.

(Emphasis added). Beside the narrative was a diagram showing the officer’s
conclusion about the position of the cars at the time of the collision, which was not
the position of the cars when the officer arrived at the accident scene. At the bottom
of the police report, the investigating officer indicated his conclusion about factors
and conditions that did or may have contributed to the accident, namely, driver
inattention and failure to drive in a single lane. 
          Here, only the italicized statements, the diagram, and the officer’s indication
of contributing factors could be construed as opinion evidence. On Lawrence’s
specific objection, the trial court redacted the officer’s opinion about contributing
factors. Lawrence did not specifically object to the italicized statements or the
diagram; rather he made a general objection about opinion evidence. Because a large
part of the report was admissible non-opinion evidence and Lawrence did not
specifically object to the opinion statements, the trial court properly overruled
Lawrence’s objection. See Speier, 616 S.W.2d at 619; Brown & Root, Inc., 180
S.W.2d at 341; Tex. Mun. Power Agency, 600 S.W.2d at 854.
          We overrule Lawrence’s third issue.
Collision
          In his fourth issue, Lawrence challenges the legal sufficiency of the evidence
to support the jury’s verdict that appellant proximately caused the collision. The only
evidence pertinent to this issue was the police report and appellant’s deposition
testimony. In addition to the narrative and diagram, the police report lists Lawrence
as the driver of vehicle 1. Lawrence did not object to the this at trial. In his
deposition, Lawrence said that he could not recall or did not know if he had been
driving or if he had been under the influence of drugs or alcohol at the time of the
accident. In addition, Lawrence said that his car was not stolen or loaned to anyone
at the time, and that it was damaged in an accident on the date of this collision. 
          Having concluded that the police report was properly admitted, we hold that
the report provides some evidence to support the jury’s verdict because “the evidence
at trial would enable reasonable and fair-minded people” to conclude that Lawrence
was proximately caused the collision. See City of Keller, 168 S.W.3d at 827. 
          We overrule Lawrence’s fourth issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Bland, Sharp, and Taft.