ACCEPTED
01-15-00963-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/24/2015 9:49:08 AM
CHRISTOPHER PRINE
CLERK

IN THE FIRST COURT OF APPEAL

STATE OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 10:06:00 AM
CHRISTOPHER A. PRINE
Clerk

NO.: 01-15-00963

JUAN SOTO PEREZ, ET AL.

VERSUS

JARED EFURD AND JAMES EFURD

APPLICATION TO THE FIRST COURT OF APPEAL FOR REVIEW FROM THE SIXTY FIRST JUDICIAL DISTRICT COURT FOR THE COUNTY OF HARRIS, STATE OF TEXAS, NO: 2014-19704, THE HONORABLE ERIN LUNCEFORD, PRESIDING

ORIGINAL BRIEF FILED ON BEHALF OF THE APPELLANTS JUAN SOTO PEREZ, ET AL.

Respectfully submitted:

H.L. HARPER & ASSOCIATES, L.L.C.
VESTA T. ARMSTRONG
Texas State Bar No. 00798240
1631 Elysian Fields Avenue
New Orleans, Louisiana 70117
(855) 880-4673 Office
(504) 322-3807 Facsimile
varmstrong@hlharperandassociates.com

## Identity of Parties and Counsel

*Appellants:*

Juan Soto Perez, Jose Ulloa-Siallos, Keyri Menjivar, Individually and as next friend of Kendric Menjivar

*Trial and Appellate Counsel:*

H.L. HARPER & ASSOCIATES, L.L.C.
Vesta T. Armstrong, Esq.
1631 Elysian Fields Avenue
New Orleans, Louisiana 70117

*and*

EDWIN M. SHORTY, JR. & ASSOCIATES, APLC
Edwin M. Shorty, Jr., Esq., *Pro Hac Vice*
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130

*Appellees:*

Jared Efurd and James Efurd

*Trial and Appellate Counsel:*

KANE, RUSSELL, COLEMAN & LOGAN, PC
Zach T. Mayer, Esq.
William R. Jones, Esq.
1601 Elm Street, Suite 3700
Dallas, Texas 75201

# Table of Contents

Index of Authorities…………………………………………………………………….

Statement of the Case……………………………………………………...……...

Issues Presented………………………………………………………………..

Statement of the Facts…………………………………………………………….

Summary of the Argument……………………………………………………..

Argument…………………………………………………………………....

Prayer………………………………………………………………………..

Appendix………………………………………………………………………

Certificate of Compliance – Word Count…………………………………………

Index of Authorities

*BP Auto., L.P. v. RML Waxahachie Dodge*, L.L.C. NO. 01-12-00085-CV (Tex. App., 9/18/14)……………………………………………………………………..

*Eichel v. Ulla*, 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992, no writ)……………

*Evans Am. Corp. v. Munter's Moisture Control*, No. 01-92-01046-CV, 1993 WL 518607, (Tex. App.—Houston [1st Dist.] December 16, 1993, no writ) (not designated for publication)…………………………………………………………..

*Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)…………………………………

*Gundermann v. Buehring*, No. 13-05-278-CV (TX 2/2/2006) (TX, 2006)………….

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004)…………..

*Montgomery v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1984)…………………….

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985)…………………

*Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007)……………………………….

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003)..................................................................................................................

*Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)………….

*Roark v. Stallworth Oil & Gas*, Inc., 813 S.W.2d 492, 494 (Tex. 1991)……………

*Taylor v. Thompson*, 4 S.W.3d 63, 64 (Tex. App.-Houston [1st Dist.] 1999, pet. denied)…………………………………………………………………………….

*Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam)…………

## Statement of the Case

This case involves a civil suit for personal injuries sustained in Harris County, Texas. The plaintiffs filed suit for personal injuries on April 9, 2014 and served the defendants with said suit on December 12, 2014. The matter proceeded to discovery between the parties. The defendants filed a Motion for Summary Judgment based on the affirmative defense of statute of limitations on September 17, 2015 which the trial court granted on October 16, 2015. The appellants now appeal from said judgment.

## Issue(s) Presented

Did the trial court commit reversible error as a matter of law when granting the Defendants Motion for Summary Judgment based on the affirmative defense of statute of limitations?

## Statement of Facts

Appellants are residents of New Orleans, Louisiana. They were involved in an automobile accident on August 30, 2012, while in Houston, Texas. Specifically, a vehicle occupied by appellants was rear ended by a vehicle being operated by appellees while stopped at a red light at the intersection of 4700 Airline Drive, Harris County, Texas. Appellants suffered multiple injuries as a result of the collision. The appellees address at the time of the collision was 4111 US-80 E, #306, Mesquite, Dallas County, Texas 75150. Appellants filed an original petition

for damages on April 9, 2014. Issuance of citation was properly requested on the same day. The clerk of court then issued the citations as requested on April 14, 2014. The appellees last known address that was listed in the citation was 4701 Preston Park Blvd., #1611, Plano, Collin County, Texas 75095. Appellants filed a First Amended Original Petition and First Set of Discovery and requested issuance of citation on July 28, 2014. The clerk of court issued the citations as requested on August 1, 2014. The appellees correct address that was listed in the citation was 921 Glory Drive, Waxahachie, Ellis County, Texas 75165.

Appellant's process server, Gregory D. Harper, received the citation with petition attached on or about September 18, 2014. He attempted to personally serve appellees several times at 921 Glory Drive, Waxahachie, Texas 75165; namely on September 18, 2014, September 20, 2014, September 23, 2014, and September 24, 2014, to no avail.

Appellants subsequently filed a Motion for Alternative Service on October 29, 2014. The Court granted the motion on November 5, 2014. On December 12, 2014, Mr. Harper served appellees at 921 Glory Drive, Waxahachie, Texas 75165, by attaching a copy of the Plaintiffs' First Amended Original Petition and First Set of Discovery by securely fastening the citation with pleadings and orders to the front door of the aforementioned premises. The Return of Service Affidavit was filed into the record on December 15, 2014.

5

Appellees filed an Original Answer to the petition on December 30, 2014. In said answer, appellees asserted that the appellant's claims were time barred by the applicable statute of limitations as appellants failed to use the necessary diligence in securing service of process on appellees after the limitation period expired.

Since the filing of the appellees Original Answer, the parties have engaged in discovery, including written discovery and the depositions of appellees in Houston, Texas on July 23, 2015. Approximately eight and a half months after filing the Original Answer and two months after appellees depositions, appellants filed a Motion for Summary Judgment on September 17, 2015, solely based on an alleged failure to use diligence in securing service of process on appellees after the expiration of the statute of limitations.

## Summary of Argument

The trial court erred as a matter of law when it granted the appellees Motion for Summary solely based on appellees allegations of the appellants' failure to use diligence in securing service of process on the appellees.

<u>Argument</u>

The trial court ruled contrary to Texas law when finding the appellants were not diligent in attempting to serve the appellees with service. This Honorable Court stated in *BP Auto., L.P. v. RML Waxahachie Dodge*, L.L.C. NO. 01-12-00085-CV (Tex. App., 9/18/14):

> We review the trial courts summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).
> …
> Under the "traditional" summary-judgment standard, a summary judgment should be granted only when the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. See TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003).

In the case at bar, the appellees have failed to demonstrate that the appellants were not diligent at serving them with the petition. The allegations made in the summary judgment motion regarding the lack of timely service on the appellees are not consistent with Texas law and principles of equity. The appellants made consistent efforts to serve the appellees, trying to locate and serve them after several changes of address were lodged by the appellees.

The Court of Appeals of Texas, Thirteenth District, Corpus Christi stated in *Gundermann v. Buehring*, No. 13-05-278-CV (TX 2/2/2006) (TX, 2006) that:

> To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). *In*

7

*reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the non-movant.* Johnson, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. *In addition, we must assume all evidence favorable to the non-movant is true.* Johnson, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. Statute of limitations is an affirmative defense. Tex. R. Civ. P. 4. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Taylor v. Thompson*, 4 S.W.3d 63, 64 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). When a defendant moves for summary judgment on an affirmative defense, he must conclusively prove all the essential elements of the defense as a matter of law, leaving no issues of material fact. *Gant*, 786 S.W.2d at 260; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1984); *Taylor*, 4 S.W.3d at 65.

(Emphasis added).

To comply with the statute of limitations, a plaintiff must file suit within the applicable limitations period and use diligence to serve the defendant with process.[1] If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing.[2] Due diligence depends on: (1) whether plaintiffs acted as ordinary prudent persons would act under the same circumstances; and (2) whether plaintiffs acted diligently up until the time defendant was actually served.[3] Whether the plaintiff acted with due diligence is a question of fact.[4] Only where the plaintiff offers no valid explanation for the delay in service may the question of due diligence be answered as a matter of law.[5]

[1] *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).
[2] *Id.*; accord *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam).
[3] *Eichel v. Ulla*, 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992, no writ); accord *Evans Am. Corp. v. Munter's Moisture Control*, No. 01-92-01046-CV, 1993 WL 518607, (Tex. App.—Houston [1st Dist.] December 16, 1993, no writ) (not designated for publication).
[4] *Eichel*, 831 S.W.2d at 43.
[5] *Id.* at 44.

In the present case, appellants exercised due diligence in attempting to serve appellees by immediately having the citation issued with the last known address of the appellees. The appellants made numerous attempts to serve the appellees at their last known address. When the appellants discovered the correct address for the appellees, appellants immediately amended the Petition and immediately had the citation and petition reissued with the correct address. Upon receipt of the reissued citation, appellants contacted the process server and once again attempted service on the appellees *(see attached Exhibit B in Appendix)*. When personal service was not accomplished through the process server, appellees requested substituted service in a timely fashion. Substituted service was accomplished and appellees filed an answer. The issues and facts regarding the delay were relayed to the trial court, which in violation of law, granted the appellees summary judgement motion. The caselaw is clear that the trial court can do so only when the plaintiff offers no valid explanation for the delay. In the case at bar, the appellants attempted to serve the appellees numerous times. The appellees attempted to 'duck service' in this matter, moving to different addresses throughout the state. The appellants claims cannot be dismissed solely because the appellees were 'ducking service', especially while the appellants were consistently attempting to locate and serve the appellees. The trial courts judgment runs contrary to Texas law and notions of equity.

Courts have consistently found that the amount of diligence that must be used is "that diligence that an ordinary person would have used under the same circumstances." The trial court determined that the appellants had not been prudent in attempting service on the appellees. This court must thusly determine what is prudent in this situation. Again, the appellants attempted to serve the appellee driver at his home shortly after filing the amended petition. Shortly after the process server was unable to effectuate service, counsel for the appellants filed a motion for alternative service thereby attempting to continue to prosecute this matter. It is clear that counsel in this matter used due diligence to attempt to serve the appellees. Counsel did not sit idly by and discontinue prosecuting the matter by not continuing to attempt to achieve service.

The pressing issue for this Court in this situation is the time of "unexplained inactivity." When no explanation is offered, the courts are left with the presumption that the inactivity is due to a lack of diligence and/or carelessness on the part of the plaintiffs. Here, there is a clear and consistent pattern of activity that negates the argument that there is a pattern of inactivity espoused by the appellees and agreed with by the trial court. Courts have consistently been hesitant to dismiss cases where litigants were moving toward achieving proper service, even if that movement may not have been as brisk as the court would have preferred in order to preserve the rights of the plaintiffs.

<u>Prayer</u>

In conclusion, appellants pray that this Honorable Court reverse the trial court's judgment in whole, denying the motion for summary judgment and reinstate claims of the plaintiffs, pursuant to Rule 43.2.(c) of the Texas Rules of Appellate Procedure. Appellants further pray that appellees bear all cost of these proceedings.

11

Respectfully submitted:

H.L. HARPER & ASSOCIATES, L.L.C.

*/s/ Vesta T. Armstrong*

_____

VESTA T. ARMSTRONG
Texas State Bar No. 00798240
1631 Elysian Fields Avenue
New Orleans, Louisiana 70117
(855) 880-4673 Office
(504) 322-3807 Facsimile
varmstrong@hlharperandassociates.com

*and*

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/s/ Edwin M. Shorty, Jr.*

_____

EDWIN M. SHORTY, JR., *Pro Hac Vice*
Louisiana State Bar No. 28421
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
(504) 207-1370 Office
(504) 207-0850 Facsimile
eshorty@eshortylawoffice.com

*Counsel for Appellants*

<u>Appendix</u>

Exhibit A          Trial Court Judgment                          10/16/2015

Exhibit B          Affidavit of Special Process Server           12/12/2014

**Certificate of Compliance – Word Count**

1.     This brief complies with the type-volume limitations of Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure because this brief contains 2,428 words, excluding the parts of the brief exempted by Rule 9.4(i)(1).

2.     This brief complies with the typeface requirements of Rule 9.4(e) of the Texas Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced in font size 14.

H.L. HARPER & ASSOCIATES, L.L.C.

*/s/ Vesta T. Armstrong*

_____
VESTA T. ARMSTRONG
Texas State Bar No. 00798240
1631 Elysian Fields Avenue
New Orleans, Louisiana 70117
(855) 880-4673 Office
(504) 322-3807 Facsimile
varmstrong@hlharperandassociates.com

CAUSE NO. 201419704

| | | |
|---|---|---|
| **JUAN SOTO PEREZ, JOSE ULLOA-SIALLOS, KEYRI MENJIVAR, INDIVIDUALLY AND AS NEXT FRIEND OF KENDRIC MENJIVAR,** | § § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § § | **HARRIS COUNTY, TEXAS** |
| **v.** | § § § | |
| **JARED EFURD AND JAMES EFURD** | § § § | |
| *Defendants.* | § | **61st JUDICIAL DISTRICT** |

### ORDER GRANTING DEFENDANT JARED EFURD'S MOTION FOR SUMMARY JUDGMENT

On October 16, 2015, came on to be heard Defendant Jared Efurd's *Motion for Summary Judgment.* The Court has considered the Defendant's *Motion for Summary Judgment*, the pleadings on file with the Court and Clerk, the summary judgment evidence, the lack of timely-filed written response by Plaintiffs, the argument presented to the Court by counsel, and the authorities cited to the Court. The Court is of the opinion that the *Motion for Summary Judgment* should be GRANTED. It is, therefore,

ORDERED that Defendant Jared Efurd's *Motion for Summary Judgment* is GRANTED.

Each party shall bear their own costs. This Order is final and disposes of all parties and all claims.

Signed:
10/16/2015

JUDGE PRESIDING

# CAUSE #201419704
## AFFIDAVIT FOR TRCP RULE 106

**STATE OF TEXAS**

**COUNTY OF HARRIS**

Before me, the undersigned authority, on this day personally appeared to me, who, being by me duly sworn upon his oath, deposed and stated as follows:

My name is GREGORY D. HARPER. I am over the age of 18 years, a citizen of the United States of America and have never been declared incompetent for any purpose. I have personal knowledge that the facts set forth in this affidavit are true and correct.

I am authorized by written order to serve citations and notices in all Harris District and County Courts.

On the 18TH of September 2014 I was assigned process in the above referenced cause styled Juan Soto vs.Jared Efurd I was instructed to attempt service upon defendant at 921 Glory Drive Waxahachie,texas 75165 This is in Ellis County, which I have determined to be his Abode. I have made the following attempts to serve process to no avail:

| DATE AND TIME | | REASON FOR NOT SERVING |
|---|---|---|
| 09/18/14 | 7:00 pm | Knock on Respondent door no answer attached my card to his front door. |
| 09/20/14 | 9:30 am | Respondent not in per adult female |
| 09/23/14 | 8:30pm | Respondent not in per his mother |
| 09/24/14 | 5 :30pm | Respondent not in per adult female who was not his mother |

" I have made diligent efforts to obtain personal service upon the named person at the above locations. I have made these attempts at various hours of the day. I have left my business card, but to date have heard nothing from this person. Based on the foregoing, I conclude that I will be unable to obtain good service without an order directing me to serve anyone over the age of sixteen (16) years or directing me to firmly attach the process to the main entrance at the above location. Either of which means being reasonably effective based on the circumstances I encountered to give said persons notice of the above referenced action."

Further affiant sayeth not.

GREGORY D. HARPER          AFFIANT SC#576

Exp-08/31/2017

**My name is Gregory Harper my date of birth is 07/13/1951, and my address is 7510 Holly Hill Dr. Unit 127 Dallas,Texas 75231 I declare under penalty of perjury that the foregoing is true and correct.**

**Executed in Dallas County, State of Texas ____24th___Day of September 2014**

Unofficial Copy Office of Chris Daniel District Clerk